IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TODD PARIS, ) | | |
| ID # 559445, ) | | |
|     Plaintiff, ) | | |
| vs. ) | No. 3:12-CV-0296-G-BH | |
| ) | | |
| DALLAS POLICE DEPARTMENT, et al., ) | | |
|     Defendants. ) | Referred to U.S. Magistrate Judge | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION

Pursuant to Special Order 3-251, this *pro se* prisoner civil rights case has been automatically referred for pretrial management. Before the Court are *Defendant Tony Jay Buchanan's Motion For Summary Judgment On Qualified Immunity*, and *Defendant Scott Daniel Dayton's Motion For Summary Judgment On Qualified Immunity*, both filed July 20, 2012 (docs. 21, 24). Based on the relevant filings and applicable law, the Court should sua sponte **GRANT** summary judgment in favor of the defendants and deem their motions moot.

### I. BACKGROUND

On January 30, 2012, Todd Paris (Plaintiff) filed this action pursuant to 42 U.S.C. § 1983 against the Dallas Police Department (DPD) and DPD Officers Tony Jay Buchanan (Buchanan) and Scott Daniel Dayton (Dayton) in both their individual and official capacities, alleging racial profiling, excessive force during an arrest, and theft of personal property. (Compl. at 2, 6 (doc. 3).) On March 19, 2012, Plaintiff added the City of Dallas as a defendant (City). (Magistrate Judge's Questionnaire (MJQ) Ans. 1 (doc. 7).)[1] After the preliminary screening process required by 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A, the court dismissed all claims as frivolous, except for

---

[1] Answers to the questions posed by the Court constitute an amendment to the complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

Plaintiff's excessive force claims against the officers on June 29, 2012. (*See* doc. 8.) After service of the lawsuit, the officers answered and asserted the defense of qualified immunity, and the Court issued a scheduling order for summary judgment motions on that issue. (*See* docs. 16, 18, 20.) The defendants filed their motions for summary judgment (MSJ) on the qualified immunity issue on July 20, 2012. (docs. 21-26). Plaintiff did not file a formal response to the motion.

It is undisputed that on June 29, 2010, the defendants stopped Plaintiff while he was walking in a Dallas street. The defendants asked Plaintiff to identify himself and checked him for weapons, ultimately arresting and charging him with evading detention and resisting arrest. (Compl. at 4-5 (doc. 3); MJQ Ans. 2, 3 (doc. 7); MSJ Appendix (App'x) (docs. 23, 26).)[2] According to Plaintiff, he complied with the defendants' request that he place his hands on the police car, but the defendants then beat him with a flashlight and their fists, beat and kicked him while he was lying on the ground and not resisting or evading arrest, and forced his mouth open with a flashlight in an attempt to locate drugs. (Compl. at 5-6 (doc. 3); MJQ Ans. 2, 3, 7 (doc. 7).)[3] He claims he "offered no resistance other than passive defensive moves to block blows to his face, body and his mouth." (MJQ Ans. 7 (doc. 7).) It is undisputed that after his arrest, Plaintiff was transported to Parkland Hospital emergency room for evaluation and treatment. (MJQ Ans. 8 (doc. 7); MSJ App'x (docs. 23, 26).)

The defendants present evidence that after Plaintiff provided his name and identifying information to the defendants, they frisked him for weapons, and Buchanan asked Plaintiff what he

---

[2] The defendants filed separate motions for summary judgment, but the same affidavits from both defendants were submitted as appendices to both motions. (*See* docs. 21, 23, 25, 26).

[3] Plaintiff's sworn complaint, including his questionnaire answers, may serve as competent summary judgment evidence "to the extent that it comports with the requirements of Fed. R. Civ. P. 56(e)." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir.1994); *accord Barnes v. Johnson*, 204 F. App'x 377, 378 (5th Cir. 2006).

had his hand.  Plaintiff placed a white rock-like substance in his mouth, pushed Buchanan to the ground, and ran away.  Plaintiff did not obey orders to stop.  Once the defendants apprehended Plaintiff, they placed him on the ground, where he kicked at them.  Dayton then used a wrist lock to gain Plaintiff's compliance in placing handcuffs on his wrists, but neither defendant punched or kicked him or attempted to retrieve the substance from his mouth. (MSJ App'x (docs. 23, 26).)

As a result of his arrest, Plaintiff's parole was revoked on December 1, 2010; the misdemeanor charges of evading and resisting arrest were dismissed on December 10, 2010. (MJQ Ans. 6 (doc. 7); *see also* www.dallascounty.org, search for Cause Nos. MA10-59798, MA10-59799, www.tdcj.state.tx.us, search for plaintiff).

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c)(2).  "[T]he substantive law will identify which facts are material."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  *Id.*

Typically, a movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  In the context of § 1983 litigation, however, governmental employees asserting the defense of qualified immunity in a motion for summary judgment need only assert the defense in good faith.  *See Gates v. Tex. Dep't of Protective & Regulatory Servs.*, 537 F.3d 404, 419 (5th Cir. 2008); *Hathaway*

3

*v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007). They have no burden to put forth evidence. *Beck v. Tex. State Bd. of Dental Examiners*, 204 F.3d 629, 633-34 (5th Cir. 2000).

The burden then shifts to the non-movant to show that the defense does not apply. *See Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009); *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc). The non-movant must identify specific evidence in the record and show how it presents a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 324; *see also RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).[4] Although courts view the evidence in a light most favorable to the non-movant, *Anderson*, 477 U.S. at 255, "a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence'", *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc)). The non-movant must show that the evidence is sufficient to support a resolution of the factual issue in his favor. *Anderson*, 477 U.S. at 249.

A district court may grant a motion for summary judgment on grounds not raised by the moving party, provided that the non-moving party is first given notice and a reasonable time to respond. FED. R. CIV. PROC. 56(f); *see also St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 435 (5th Cir. 2001); *Ross v. University of Texas*, 139 F.3d 521, 527 (5th Cir. 1998). The fourteen-day period for objecting to a magistrate judge's recommendation to grant a motion for summary judgment is sufficient notice under Rule 56(f). *See Dupry v. Gehrig*, 2009 WL 2579055, *4 (W.D.La. Aug. 20, 2009) (stating that the previous ten-day objection period satisfied the ten-day

---

[4] Courts generally liberally construe a *pro se* plaintiff's pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam). They have no obligation under Fed. R. Civ. P. 56 "to sift through the record in search of evidence to support a party's opposition to summary judgment", however. *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 164 (5th Cir. 2006) (quoting *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)).

4

notice requirement under Rule 56); *St. Paul Mercury Ins. Co.*, 224 F.3d at 435 (stating that a party should be provided at least ten days notice before a court grants summary judgment *sua sponte*).

## III. HECK V. HUMPHREY

In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held that when a successful civil rights action would necessarily imply the invalidity of a plaintiff's conviction or sentence, the claim must be dismissed unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. A plaintiff does so by achieving "favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 751 (2004) (per curiam). Courts have extended *Heck* to claims seeking declaratory or injunctive relief as well as damages under § 1983. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Clarke v. Stalder*, 154 F.3d 186, 190-91 (5th Cir. 1998). *Heck* also applies to challenges to the validity of confinement resulting from a parole-revocation hearing. *Littles v. Board of Pardons & Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995) (per curiam); *Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995) (per curiam); *McGrew v. Texas Bd. of Pardons & Paroles*, 47 F.3d 158, 161 (5th Cir. 1995) (per curiam).

"[T]he *Heck* determination depends on the nature of the offense and of the claim." *Arnold v. Slaughter*, 100 Fed. Appx. 321, 323 (5th Cir. June 14, 2004). In this case, it is undisputed that Plaintiff was arrested and charged with evading and resisting arrest. He concedes that his parole was revoked as a result of the charges against him. (MJQ Ans. 6 (doc. 7)) Plaintiff avers that he did not evade the police or resist his arrest at all, and that the defendants beat and kicked him without

5

provocation after he complied with their instructions to stop walking and to place his hands on the patrol car. (Compl. at 5; MJQ Ans. 7). The defendants have now moved for summary judgment and presented evidence that they used only the force necessary to overcome Plaintiff's evasion or resistance during his arrest. Plaintiff did not respond to the motion for summary judgment or present any additional evidence controverting the defendants' evidence other than his broad denial that he neither resisted nor evaded arrest.

In *Walker v. Munsell*, 281 Fed. App'x 388 (5th Cir. June 13, 2008) (per curiam), the Fifth Circuit rejected a plaintiff's claim that a favorable judgment in his suit would not necessarily invalidate his conviction for resisting arrest, stating.

> Appellant asserts that his civil rights claim can coexist with his conviction for resisting arrest, as he can show that he resisted a lawful arrest and that the officers used excessive force to effectuate that arrest. Appellant's claim, however, is not that the officers used excessive force after he stopped resisting or to stop his resistance; his claim is based solely on his assertions that he did not resist arrest, did nothing wrong, and was attacked by the Appellee officers for no reason. Thus, Appellant's suit "squarely challenges the factual determination that underlies his conviction for resisting an officer," and if he prevails, "he will have established that his criminal conviction lacks any basis."

*Id.* at 390 (quoting *Arnold*, 100 Fed. Appx. 321 at 324-25). In *Arnold*, the Fifth Circuit held that the plaintiff's § 1983 claims were barred by *Heck* because:

> Arnold's claims are not that the police used excessive force after he stopped resisting arrest or even that the officers used excessive and unreasonable force to stop his resistance. Instead, *Arnold claims that he did nothing wrong, but was viciously attacked for no reason. He provides no alternative pleading or theory of recovery.*
>
> In this way, Arnold's claims are distinguishable from excessive force claims that survive *Heck*'s bar . . . . If Arnold prevails, he will have established that his criminal conviction lacks any basis.

*Id*. at p. 324-25 (*emphasis added*); *see also Deleon v. City of Corpus Christi*, 488 F.3d 649, 656-57 (5th Cir. 2007) (holding that *Heck* barred an excessive force claim where the plaintiff claimed that

6

he did not resist arrest); *Walker v. Horseshoe Entertainment*, 483 Fed. App'x 884, 887 (5th Cir. June 6, 2012) (holding that an excessive force claim based on a single interaction with the police where the plaintiff avers that he did not resist arrest at all was barred by *Heck* when there has been a conviction for resisting arrest because the claim can only be considered as an attack on the validity of the conviction).

As in these cases, the success of Plaintiff's claim that the defendants violated his civil rights by using excessive force against him during his arrest would necessarily imply the invalidity of the parole revocation based on his arrest for evading and resisting arrest. Plaintiff has not alleged, much less provided evidence, that he had ceased his resistance and evasion of his arrest when the defendants used excessive force against him. *Compare Bush v. Strain*, 513 F.3d 492, 498 (5th Cir. 2008) (holding that a claim of excessive force occurring after the arrestee has ceased resistance would not necessarily imply the invalidity of a conviction for the earlier resistance); *Nelson v. Cauley*, 3:04-CV-828-G, 2005 WL 221349, at *7 (N.D. Tex. Jan. 27, 2005) (citing *Arnold* in support of holding that where the actions that constituted the offense for which the plaintiff had been convicted were finished and complete before the alleged excessive force was asserted, the excessive force claim did not contradict the jury's finding that he drove his truck at police officers), *recommendation accepted by* 2005 WL 383706 (Feb. 16, 2005).

Because Plaintiff's claims that he did nothing at all directly challenge the basis for his parole revocation, his excessive force claims against the defendants are barred by *Heck v. Humphrey*. The Court should *sua sponte* enter summary judgment for the defendants on this basis. *See Walker*, 281 Fed App'x at 389 (holding that a district court may grant summary judgment based on *Heck* where it was not pled as an affirmative defense).

## IV. CONCLUSION

The Court should *sua sponte* enter summary judgment for defendants and dismiss Plaintiff's claims with prejudice until he satisfies the conditions set forth in *Heck v. Humphrey*. The defendants' motions should be deemed as moot.

**SO RECOMMENDED** on this 28th day of January, 2013.

							_____
							IRMA CARRILLO RAMIREZ
							UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

							_____
							IRMA CARRILLO RAMIREZ
							UNITED STATES MAGISTRATE JUDGE