IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TODD PARIS,<br>ID # 559445,<br>    Plaintiff,<br>vs.<br><br>DALLAS POLICE DEPARTMENT, et al.,<br>    Defendants. | )<br>)<br>)<br>) No. 3:12-CV-0296-G-BH<br>)<br>)<br>) Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to Special Order 3-251, this *pro se* prisoner civil rights case has been automatically referred for pretrial management. Before the Court is Plaintiff's *Motion for Abeyance of Final Judgment with Right to Appeal*, received on April 25, 2013 (doc. 37). In his motion, Plaintiff seeks to have his late notice of appeal considered timely and to have the judgment in his case stayed. Based on the relevant filings and applicable law, the Court should **GRANT** his motion for an extension of time to file his appeal and **DENY** Plaintiff's motion to stay judgment.

**I. BACKGROUND**

On January 30, 2012, Todd Paris (Plaintiff) filed this action pursuant to 42 U.S.C. § 1983 against the Dallas Police Department (DPD), the City of Dallas, and two DPD Officers, alleging racial profiling, excessive force during an arrest, and theft of personal property. On June 29, 2012, all claims except for his excessive force claims against the officers were dismissed as frivolous. (doc. 15). On February 22, 2013, judgment was entered dismissing Plaintiff's excessive force claims until he satisfies the conditions set forth in *Heck v Humphrey*, 512 U.S. 477 (1994). (doc. 36).

**II. NOTICE OF APPEAL**

Plaintiff first seeks an extension of time to file a note of appeal. He explains that he was unable to file his notice of appeal within thirty days of the February 22, 2013 judgment because his prison unit was placed on lockdown from February 26, 2013 through March 28, 2013, which made it impossible

for him to seek help during that time, and because he experienced a power outage in his cell due to a water leak. (doc. 37 at 2).

Plaintiff mailed his notice of appeal and motion for extension of time on April 22, 2013. (doc. 37 at 4). Under Rule 4(a)(5) of the Federal Rules of Appellate Procedure, a district court may extend the time for filing an appeal if a party so moves no later than thirty days after the time for filing an appeal has expired. Because Plaintiff requested an extension of time within this thirty-day time period, his motion for extension of time should be granted, and his notice of appeal should be considered timely filed.

### III. STAY OF JUDGMENT

In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held that when a successful civil rights action would necessarily imply the invalidity of a plaintiff's conviction or sentence, the claim must be dismissed unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. A plaintiff does so by achieving "favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 751 (2004) (per curiam). *Heck* also applies to challenges to the validity of confinement resulting from a parole-revocation hearing. *Littles v. Board of Pardons & Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995) (per curiam); *Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995) (per curiam); *McGrew v. Texas Bd. of Pardons & Paroles*, 47 F.3d 158, 161 (5th Cir. 1995) (per curiam).

Plaintiff seeks to have the judgment stayed so that he may seek to have his parole revocation overturned in state court through the habeas process. (doc. 37 at 2-3). The Fifth Circuit has held that

district courts should not stay § 1983 actions to permit plaintiffs to exhaust habeas remedies pursuant to *Heck*. *Lawson v. Molder*, 62 F.3d 394, 1995 WL 450119, at *1 (5th Cir. June 30, 1995). Claims that are barred by *Heck* should be dismissed because there is no cause of action until the conviction or parole revocation has been invalidated. *Id.* Accordingly, Plaintiff's motion to stay the judgment in this case should be denied.

## IV. CONCLUSION

The Court should **GRANT** Plaintiff's motion to extension of time to file an appeal and consider his appeal timely filed and **DENY** his motion to stay judgment in this case.

**SO RECOMMENDED** on this 29th day of April, 2013.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE